**POTTER et al. v. MADISON WILLOW CRAFT CO.**

No. 6582.

Circuit Court of Appeals, Sixth Circuit.

Nov. 7, 1934.

A. J. Hudson, of Cleveland, Ohio (Kwis, Hudson & Kent, of Cleveland, Ohio, on the brief), for appellants.

J. W. Macklin, of Cleveland, Ohio, for appellee.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

Howard Potter, the owner of design letters patent No. 83,006 for floral baskets, and the Powell Pressed Steel Company, claiming an exclusive license under the patent by virtue of an agreement made with Potter on July 9, 1932, filed this suit against the Madison Willow Craft Company, seeking the usual relief for infringement of the patent. The Madison Company by answer admitted the validity of the patent, but denied infringement upon the ground that it held an exclusive license to manufacture and sell the patented article under a grant of September 25, 1930, antedating the license agreement with the Powell Pressed Steel Company. It also filed a counterclaim, alleging that the plaintiffs were infringing its license by making and selling baskets of the type exemplified in Exhibit A, and sought damages therefor as well as an injunction against further infringement. The plaintiffs pleaded in avoidance of this defense and counterclaim that the license agreement with the Madison Company was canceled on January 26, 1932. They also alleged that the floral baskets which they were manufacturing were not made under the patent in suit, but were made under Patent No. 85,957. The trial court found that the license agreement relied upon by the Madison Company was a valid agreement in full force and effect, and dismissed the bill. It further found that Potter and the Powell Pressed Steel Company were joint and separate infringers of the rights of the Madison Company under this agreement, awarding damages to be determined by an accounting and issuing an injunction against further infringement.

It is not denied that the Madison Company made and sold baskets of the design of the patent, nor is it claimed that the agreement of September 25, 1930, was not a valid license. The sole question is whether this license was canceled on January 26, 1932, and this question turns on the construction of a provision in the license to the effect that a royalty of 5 per cent. of the total receipts from sales of baskets of such design manufactured and sold by the Madison Company should be paid to the licensor "not later than the tenth day of the month following that in which the sales are made, and with each royalty payment Licensee shall furnish Licensor with a written statement showing the total sales of baskets embodying said inventions for the month for which royalty is paid." The appellants contend that this provision of the agreement was not complied with, and that the license was canceled under another provision which gave the patentee the right to cancel it in the event the licensee failed to perform this obligation under the license.

Potter was employed by the Madison Willow Craft Company as a salesman on a commission basis in October of 1928. He was given a drawing account. This arrangement continued until April of 1931, at which time a new arrangement was made by which he was to be paid ten dollars a day and traveling expenses for his services. At all times from the date of his employment he drew more than he earned from the Madison Company, and was indebted to it. After the execution of the license he was debited with sums paid to him in varying amounts and credited with commissions and royalties on his account on the books of the Madison Company up until April 1, 1931. Thereafter a like course was followed, the account being debited by substantial amounts paid to him from time to time, and credited with royalties and such of his expenses as he advanced for the company. Some of the debits consisted of payments on an automobile which he was buying. He was paid two sums of money in October, 1931, but was paid nothing for November. At that time he owed the Madison Company a balance of several hundred dollars. On December 24 he complained that he had not received his royalties as provided by the license agreement, and on January 26, 1932, undertook to cancel the license because of failure to comply with the provision stipulating that royalties should be paid not later than the tenth of the month following that in which the sales were made. The question is whether the crediting of Potter's overdue indebtedness each month with the amount of royalties due him from sales in the preceding month was a compliance with this provision of the license. The trial court was of opinion that it was. We agree, and we think this interpretation was placed upon the provision by the parties by their manner of dealing with each other prior to December of

1931. While it is true that the parties to a license grant may impose an unqualified condition upon the grant and make it terminable upon failure to perform such condition, it is likewise true that where a condition which is ambiguous has been given a practical interpretation by the parties in their course of dealing, that interpretation will be given it in determining whether there has been performance [Federal Surety Co. v. A. Bentley & Sons Co., 51 F.(2d) 24, 27, 78 A. L. R. 1041 (C. C. A. 6); Old Colony Trust Co. v. Omaha, 230 U. S. 100, 118, 33 S. Ct. 967, 57 L. Ed. 1410]; and here the parties, by their conduct prior to December, 1931, had placed such construction upon the clause in controversy as to justify the trial court in holding that the crediting of royalties for November and December on the overdue indebtedness of Potter was a compliance with the terms of the license.

The question of infringement of the appellee's license depends on whether the baskets manufactured by appellants as exemplified in Exhibit A are covered by the patent in suit or by the Potter design patent 85,957. Design patent 85,957 relates to a design for "a holder for pot or other flowers," and not to a water-tight floral basket, which is the subject of the patent in suit. Exhibit A is a water-tight basket which clearly comes within the patent in suit, and in our opinion infringes the appellee's license.

The decree is affirmed.